# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**CHRISTOPHER MONTGOMERY**                                            **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 5:13CV-P131-R**

**RANDY WHITE** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Christopher Montgomery's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the claim for damages and will allow the claim for injunctive relief to continue.

## I. SUMMARY OF CLAIMS

Plaintiff brings his suit under 42 U.S.C. § 1983 against Kentucky State Penitentiary (KSP) Warden Randy White and Deputy Warden Duke Pettit in their official capacities seeking monetary and punitive damages and an injunction ordering Defendants to transfer him to a Class D facility in Henderson County.

Plaintiff claims that on numerous occasions he "brought and wrote Randy White and Duke Pettit concerning my safety and my life being in danger in P.C.[1] and in G.P.[2] do to Myself being gay and My involement in a gang a few years Back." He reports that he has "not received an answer that is going to help me in that situation."

Plaintiff alleges that his life was threatened when he denied "a G.P. Inmate sexual favors." He continues as follows:

---

[1] The Court presumes that P.C. is an abbreviation for protective custody.

[2] The Court presumes that G.P. is an abbreviation for general population.

when I did that inmate and his buddies came to me and tryed to force me to do sexual things with them in the shower. I refused and left the shower. Then I was told by a gang of Crips that if I didn't start paying yard tax then they way going to all stab me. I then checked in to the hold for P.C. I go to P.C. and I run into the same problems I destroy a pair of pants so I can get wrote up and go to the hold there I wrote Duke Pettit and Randy White about everything and they still refuse to do anything about the Problem They refuse to Transfer me which my point score does allow me to leave and go to a Class D or a medium security prison. I told almost every Higher go up person I fear for my life and my safety and Please Transfer me. They ignore me like I'm Just Playing and I'm serious.

Plaintiff alleges violations of "Human Rights in Article 3, Article 5, Article 7."

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff meets the second element because he sues state actors. As to the first element, violation of a right secured by the Constitution and laws of the United States, Plaintiff alleges violations of "Human Rights in Article 3, Article 5, Article 7." It is unclear what law(s) he is challenging. To the extent Plaintiff may be alleging a violation of Articles under the "Convention Against Torture,"[3] he has "no cause of action under the Convention Against Torture because it is not self-executing," *Renkel v. United States*, 456 F.3d 640, 645 (6th Cir. 2006), and his allegations do not support "a cause of action under any domestic law implementing the United States' obligations under the Convention." *Id.* at 645. Although Plaintiff does not allege a violation of a right secured by the Constitution and laws of the United States, the Court construes his complaint as alleging an Eighth Amendment claim.

### A. Damages

Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Further, neither Defendant sued in his official capacity for damages is a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Consequently, the Eighth

---

[3]*See* United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, 23 I.L.M. 1027 (the "Convention" or "Convention Against Torture").

4

Amendment claim against Defendants White and Pettit in their official capacities for damages will be dismissed.

### B. *Injunctive Relief*

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "[I]njunctive relief may be ordered by the courts when necessary to remedy prison conditions fostering unconstitutional threats of harm to inmates." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). Here, Plaintiff alleges that inmates have made specific threats of harm against him and that Defendants White and Pettit continue to "refuse to do anything about the Problem." Plaintiff seeks to be transferred to another facility, but because Plaintiff claims that he is being housed in conditions that pose a substantial risk of serious harm, the Court construes Plaintiff's request for injunctive relief more broadly as a request for protection from specific threats in whichever manner this may be accomplished and will allow this Eighth Amendment claim to continue against Defendants White and Pettit.

## IV. **ORDER**

For the foregoing reasons,

**IT IS ORDERED** that the Eighth Amendment claim for damages against Defendants White and Pettit is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and as barred by the Eleventh Amendment.

**IT IS FURTHER ORDERED** that the Eighth Amendment claim for injunctive relief against Defendants White and Pettit shall proceed beyond initial screening. The Court will enter a separate Scheduling Order governing the development of the continuing claim.

Date:

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005